Filed 10/1/24  P. v. Rugerio CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEX NAREZ RUGERIO,<br><br>    Defendant and Appellant. | H051521<br>(Santa Cruz County<br>Super. Ct. No. F22952) |

## I.  INTRODUCTION

In 2014, defendant Alex Narez Rugerio was sentenced to 18 years in prison pursuant to a plea agreement in the instant case (No. F22952) and a concurrent term of six years in a separate case (No. F21009).  The trial court stayed three prior prison term enhancements in the instant case, while the court apparently imposed four prior prison term enhancements in the separate case.  (See Pen. Code, § 667.5, former subd. (b).)[1]

In 2023, after the Legislature limited the circumstances in which a prior prison term enhancement may apply, a hearing was held in defendant's two cases regarding resentencing under section 1172.75 on the now invalid prior prison term enhancements.  At the hearing, defendant's trial counsel did not expressly request that defendant be resentenced in the instant case for the invalid prior prison term enhancements and instead argued that the original sentencing court made an error that required correction.  The trial

_____

[1] All further statutory references are to Penal Code unless otherwise indicated.

court declined to resentence defendant in the instant case but struck the four prior prison term enhancements in the separate case (No. F21009).

On appeal, defendant contends that: (1) he is entitled to a full resentencing in the instant case under section 1172.75 although his prior prison term enhancements were stayed at his original sentencing in 2014; (2) his claim has not been forfeited even though his trial counsel failed to raise it below; (3) his trial counsel rendered ineffective assistance of counsel to the extent the claim is forfeited; and (4) on remand for resentencing, the prosecutor should not be allowed to seek rescission of the plea agreement in the instant case if the trial court intends to reduce the sentence beyond striking the prior prison term enhancements.

For reasons that we will explain, we conclude that defendant is entitled to have his sentence recalled under section 1172.75. We will therefore reverse the trial court's order and remand the matter for further proceedings under Penal Code section 1172.75, subdivision (d).

## II. BACKGROUND

### A. *Defendant's Convictions and Sentence*

In 2014, defendant was convicted by plea of two counts of forcible lewd acts on a child under the age of 14 (§ 288, former subd. (b)(1)) and one count of lewd act on a child under the age of 14 (§ 288, subd. (a)). Based on the sparse record on appeal, it appears that defendant admitted, or the trial court found true, allegations that defendant had served three prior prison terms (§ 667.5, former subd. (b)). The prior prison terms were based on defendant's prior convictions for drug- and weapons-related offenses. In the instant case, defendant was sentenced to 18 years in prison in accordance with a plea agreement providing for "a sentencing range of a low of 12 years and a high of 20 years." In reaching the sentence, trial court "impose[d] and stay[ed] each of the three prison priors." On motion of the prosecutor, the court dismissed two remaining counts for attempted oral copulation and sexual penetration with a child aged 10 or younger

2

(§§ 664, 288.7, subd. (b)) and dismissed or struck an allegation under section 667.61.  At the same hearing, defendant was sentenced in a separate case (No. F21009) to a concurrent term of six years.

**B.** *Change in Law Regarding Prior Prison Term Enhancements*

Effective January 1, 2020, several years after defendant was sentenced, the law changed to provide that prior prison term enhancements under section 667.5, subdivision (b) are limited to cases in which the defendant's prior prison term was for a sexually violent offense.  (Stats. 2019, ch. 590, § 1; *People v. Velasco* (2023) 97 Cal.App.5th 663, 667, fn. 2 (*Velasco*).)  Further, "[i]n 2021, the Legislature enacted Senate Bill 483, which sought to make the changes . . . retroactive" and which provides for resentencing in certain cases.  (*Velasco*, *supra*, at p. 667, fn. 2; see former § 1171.1, added by Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022, renumbered without substantive change as § 1172.75 by Stats. 2022, ch. 58, § 12, eff. June 30, 2022.)

Regarding resentencing, section 1172.75 requires the Secretary of the Department of Corrections and Rehabilitation to "identify those persons in . . . custody currently serving a term for a judgment that includes [a legally invalid] enhancement" and to provide the defendant's name and case number, among other information, "to the sentencing court that imposed the enhancement."  (*Id.*, subd. (b).)  The trial court "shall review the judgment and verify that the current judgment includes [an invalid] sentencing enhancement" and then "recall the sentence and resentence the defendant."  (*Id.*, subd. (c).)  The trial court is also required to appoint counsel for the defendant.  (*Id.*, subd. (d)(5).)

**C.** *Subsequent Proceedings Involving Defendant*

In early 2023, counsel was appointed for defendant for a "[r]esentencing [h]earing pursuant to SB 483."  After several continuances, a resentencing hearing was held on October 5, 2023.  The trial court stated its "intent" to resentence defendant in his separate case (No. F21009) "to strike the four years . . . that [were] imposed pursuant to Penal

3

Code section 667.5(b), so that there would simply be a two-year sentence running concurrently with" the instant case (No. F22952). The court indicated that the instant case would be taken "off calendar."

Defendant's trial counsel contended that the "door is open to a full resentencing because this matter has been sent back to this Court by [the Department of Corrections and Rehabillitation] to address a [Senate Bill No.] 483 issue which interestingly doesn't exist because of the nature of the charges."[2] Trial counsel argued that "[e]ven though this gentleman is not available for 483 resentencing, because of the nature of the charges," there was an error in the original sentence that the trial court should correct. The court implicitly denied defendant's request to be resentenced by stating that it was "going to take this matter off calendar at this point." Regarding resentencing in defendant's separate case, the court stated, "[W]e are making the adjustment on F21009, which I think was the concern raised by the California Department of Corrections in relationship to this matter."

---

[2] Defendant requests judicial notice of a list by the Department of Corrections and Rehabilitation (CDCR) that contains the names and case numbers of prisoners who have a "[c]ase [e]nhancement" under section 667.5, former subdivision (b) or former Health and Safety Code section 11370.2 "on an [a]ctive [c]ase [f]or Santa Cruz County." According to supporting declarations from defendant's trial counsel and his appellate counsel, the list was sent by the CDCR to the trial court, and the trial court in turn "forwarded" the list to defendant's trial counsel. Defendant requests judicial notice of the list as a court record under Evidence Code section 452, subdivision (d). Defendant does not provide any legal authority establishing that a CDCR list "forwarded" by the trial court to defendant's trial counsel is a court record within the meaning of Evidence Code section 452, subdivision (d). We need not decide this issue, however, and we deny the request. As we have set forth, the record on appeal already indicates that the CDCR identified defendant to the trial court as having an invalid prior prison term enhancement, in view of (1) the trial court appointing counsel for a "[r]esentencing [h]earing pursuant to SB 483" and (2) the statements by defendant's trial counsel during the October 5, 2023 hearing regarding the case being "sent back to [the trial court] by CDCR to address a [Senate Bill No.] 483 issue."

4

### III. DISCUSSION

**A.** *Parties' Contentions*

On appeal, defendant contends that: (1) he is entitled to a full resentencing under section 1172.75 even though his prior prison term enhancements were stayed at his original sentencing in 2014; (2) his claim has not been forfeited notwithstanding his failure to raise it below; (3) his trial counsel rendered ineffective assistance of counsel to the extent the claim is forfeited; and (4) on remand for resentencing, the prosecutor should not be allowed to seek rescission of the plea agreement if the trial court intends to reduce defendant's sentence beyond striking the prior prison term enhancements.

The Attorney General contends that defendant forfeited his claim for resentencing by failing to raise it below. On the merits, the Attorney General contends that the original sentencing court did not have the authority to stay defendant's prior prison term enhancements and therefore "either the enhancement finding or the punishment must be treated as stricken." The Attorney General further argues that when an enhancement is stayed or stricken, a defendant is not entitled to resentencing under section 1172.75. To the extent that this court concludes otherwise, the Attorney General agrees with defendant that he is entitled to a full resentencing. However, the Attorney General contends that if the trial court is inclined to modify defendant's sentence beyond simply striking the prior prison term enhancements, the prosecutor should be permitted to withdraw from the plea agreement.

**B.** *General Legal Principles Regarding Resentencing for Invalid Prior Prison Term Enhancements Under Section 1172.75*

Effective January 1, 2020, section 667.5, subdivision (b) enhancements only apply to prior prison terms for sexually violent offenses. (*Velasco, supra,* 97 Cal.App.5th at p. 667, fn. 2.) A defendant with a now invalid prior prison term enhancement may be entitled to recall of sentence and resentencing under section 1172.75. Subdivision (d) of section 1172.75 contains several requirements regarding resentencing. For example,

5

"[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).) Further, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) In addition, "[t]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

**C.** *Analysis*

Regarding whether defendant's current claim for resentencing under section 1172.75 has been forfeited, the parties agree that defendant's trial counsel appears to have been operating under a mistaken belief at the October 5, 2023 hearing. Specifically, trial counsel either mistakenly believed that defendant's prior prison terms were for sexually violent offenses, or mistakenly believed that defendant's most recent convictions for sexually violent offenses rendered him ineligible for resentencing. The parties disagree about whether this mistaken belief operated to forfeit defendant's appellate contention that he is entitled to resentencing under section 1172.75. Defendant contends that his claim is not forfeited "because the court's failure to strike the invalid [prior prison term] enhancements resulted in an unauthorized sentence." The Attorney General argues that defendant "cannot circumvent the forfeiture rule because the

6

exception for unauthorized sentences . . . hinge[s] on [defendant] possessing a meritorious claim," which he does not.

We determine that defendant did not forfeit his claim. "[T]he 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. [Citations.]" (*People v. Scott* (1994) 9 Cal.4th 331, 354.) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*) As we explain infra, defendant's prior prison term enhancements were legally invalid and he was therefore eligible for recall of sentence and resentencing under section 1172.75, subdivision (d).

Regarding the fact that the original sentencing court stayed the prior prison term enhancements, the Attorney General contends that the original sentencing court did not have the authority to stay the enhancements and therefore "either the enhancement finding or the punishment must be treated as stricken." Assuming, without deciding, that the original sentencing court did not have the authority to stay the enhancements, the Attorney General cites no authority to support the proposition that improperly stayed enhancements must be treated as stricken. (See *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1275 [determining that the defendant, whose prior prison term enhancements were stayed, was entitled to resentencing under § 1172.75 even though "the trial court stayed the enhancements in error, resulting in an authorized sentence"], review granted Mar. 12, 2024, S283547 (*Saldana*).)

Regarding whether a stayed prior prison term enhancement is subject to resentencing under section 1172.75, the parties observe that there is a split of authority on this issue. (Compare *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40-41, 45, 48–49 [§ 1172.75 does not authorize resentencing for stayed prior prison term enhancements], review granted Feb. 21, 2024, S283169 (*Rhodius*) with *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 [§ 1172.75 requires resentencing for stayed prior prison

7

term enhancement] (*Renteria*); *People v. Christianson* (2023) 97 Cal.App.5th 300, 305 [§ 1172.75 requires resentencing for stayed prior prison term enhancement], review granted Feb. 21, 2024, S283189 (*Christianson*); *Saldana*, *supra*, 97 Cal.App.5th at pp. 1272–1273, review granted [§ 1172.75 requires resentencing for stayed prior prison term enhancements]; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 668 [§ 1172.75 "applies to prior prison term enhancements that have been imposed and stayed"], review granted Aug. 14, 2024, S285853 (*Mayberry*).)  We follow the weight of authority and conclude that section 1172.75 authorizes the recall and resentencing of a defendant whose prior prison term enhancement was stayed.

Regarding resentencing, the parties disagree about whether the prosecutor is entitled to withdraw from the plea agreement if the trial court intends to reduce the sentence beyond striking the three stayed prior prison term enhancements.  There is a split of authority on the issue of whether a prosecutor may withdraw from a plea agreement if a trial court intends to reduce the sentence beyond striking the prior prison term enhancements.  (Compare *People v. Coddington* (2023) 96 Cal.App.5th 562, 565 ["if the court on remand indicates it is inclined to further reduce Coddington's sentence, the prosecution may withdraw its assent to the plea agreement"] with *People v. Carter* (2023) 97 Cal.App.5th 960, 977 ["the prosecution may not withdraw from the plea bargain if the court imposes a lower sentence on resentencing"]; *People v. Montgomery* (2024) 100 Cal.App.5th 768, 777 ["the prosecutor may not rescind the plea agreement due to a resulting sentence reduction"], review granted May 29, 2024, S284662; *People v. Hernandez* (2024) 103 Cal.App.5th 981, 986 ["the People were not entitled to withdraw from the plea agreement as a result of the reduction in Hernandez's sentence"], petn. for review pending, filed Aug. 22, 2024, S286527.)

We need not decide the issue here.  Defendant's plea agreement provided for "a sentencing range of a low of 12 years and a high of 20 years."  The original sentencing court "impose[d] and stay[ed] each of the three prison priors" and ultimately sentenced

8

defendant to 18 years in prison. To the extent the trial court on remand is inclined to reduce defendant's sentence beyond eliminating the prior prison term enhancements (an issue upon which we express no opinion), a reduced sentence might, or might not, fall within the sentencing range of the plea agreement. We decline to issue an advisory opinion regarding whether the prosecutor may withdraw from the plea agreement if the court intends to reduce the sentence so that it falls outside the sentencing range of the plea agreement. The parties may raise this issue for the trial court to decide in the first instance to the extent the circumstance arises.

In sum, the record reflects that defendant's three prior prison term enhancements in the instant case were not for a sexually violent offense. Although the enhancements were stayed, we follow the weight of authority to conclude that defendant is nevertheless eligible for recall and resentencing under section 1172.75. (*Renteria*, *supra*, 96 Cal.App.5th at pp. 1282–1283; *Christianson*, *supra*, 97 Cal.App.5th at p. 305, review granted; *Saldana*, *supra*, 97 Cal.App.5th at pp. 1272–1273, review granted; *Mayberry*, *supra*, 102 Cal.App.5th at p. 668, review granted; but see *Rhodius*, *supra*, 97 Cal.App.5th at pp. 40-41, 45, 48–49, review granted.) We will remand the matter for further proceedings under section 1172.75, subdivision (d).

## IV.  DISPOSITION

The October 5, 2023 order denying resentencing is reversed, and the matter is remanded for further proceedings under Penal Code section 1172.75, subdivision (d).

9

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
DANNER, J.

_____
WILSON, J.

***People v. Rugerio***
**H051521**